UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN D. STEELE, et al.,<br><br>Plaintiffs,<br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | CASE NO. C18-0230JLR<br><br>ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

Before the court is Plaintiffs Kevin D. Steele and Stephanie A. Steele's ("the Steeles") motion for a temporary restraining order ("TRO") to halt the June 15, 2018, trustee sale on their property and to reschedule the sale for August 31, 2018. (TRO Mot. (Dkt. # 17).) Defendants Wells Fargo Bank, N.A., ("Wells Fargo") and HSBC Bank, N.A., (collectively, "Defendant Banks") oppose the motion. (*See* Resp. (Dkt. # 20).) The

//

//

court has considered the motion, Defendant Banks' response, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES the motion.

## II. BACKGROUND

According to the Steeles' complaint, they purchased real property in Sammamish, Washington, under a Deed of Trust dated February 16, 2007. (Compl. (Dkt. # 1-1) at 2.) They began experiencing financial hardship leading to a default on payments of their loan. (*Id.*) They subsequently received a Notice of Trustee's Sale to satisfy the obligations created by the Deed of Trust. (*Id.*) They allege that they have repeatedly sought assistance from Wells Fargo without success. (*Id.*)

On April 30, 2018, the Steeles filed a motion for a TRO seeking to halt the June 15, 2018, trustee's sale of their property and to reschedule the sale for August 31, 2018. (*See* TRO Mot.) In support of their motion, the Steeles submit a copy of Defendant Quality Loan Services Corporation of Washington's June 15, 2018, Notice of Trustee's Sale. (*Id.*, Ex. 2.)

In their motion, the Steeles state that Defendant Banks directed them to submit a "mortgage assistance packet for a loss mitigation review" no later than April 18, 2018, and that they complied with Defendant Banks' request. (*Id.* at 1-2.) Attached to the Steeles' motion is a copy of the packet they submitted to Defendant Banks, which they signed and dated April 18, 2018. (*Id.*, Ex. 1.) The Steeles assert—without evidentiary support—that "[i]t takes on average 120 . . . days . . . to complete a loss mitigation

---

[1] No party requested oral argument, and the court does not consider oral argument useful to its disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

review." (*Id.* at 2.)  Accordingly, they seek to reschedule the June 15, 2018, trustee's sale to August 31, 2018, to allow sufficient time for Defendant Banks to process their mortgage assistance packet.  (*Id.*)

Defendant Banks oppose the motion.  (*See generally* Resp.)  Defendant Banks voluntarily continued the initial February 16, 2018, trustee's sale of the Steeles' property to April 20, 2018, and then again to June 15, 2018, to allow the Steeles the opportunity to submit the information and documents necessary for Defendant Banks' review of their mortgage assistance application.  (Talevich Decl. (Dkt. # 21) ¶¶ 2, 7, Exs. A, D.)  After reviewing the Steeles' initial April 18, 2018, submissions, on May 1, 2018, Defendant Banks asked the Steeles to submit additional information and documents by May 8, 2018.  (*Id.* ¶ 8.)  Counsel for Defendant Banks has never represented to the Steeles that a determination concerning their mortgage assistance application will not occur until August 2018.  (*Id.* ¶ 9.)

### III.  ANALYSIS

Federal Rule of Civil Procedure 65 empowers the court to issue a TRO.  Fed. R. Civ. P. 65.  A plaintiff seeking a TRO in federal court must meet the standards for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Accordingly, the Steeles must establish that (1) they are likely to succeed on the merits of their claim, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

//

20 (2008).[2] "A TRO, like a 'preliminary injunction[,] is an extraordinary and drastic remedy.'" *ConocoPhillips Co. v. Gonzalez*, No. 5:12-CV-00576-LHK, 2012 WL 538266, at *2 (N.D. Cal. Feb. 17, 2012) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 (2008)). Thus, a district court should enter a TRO only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 21. As discussed below, the Steeles fail to clearly establish the requirements for a TRO.

First, the Steeles fail to demonstrate a likelihood of success on the merits. The Steeles admit in their complaint that they are in default on their loan obligations. (*See* Compl. at 2.) Although Defendant Banks are presently reviewing the Steeles' mortgage assistance application, the Steeles have not demonstrated that Defendant Banks have any obligation to vary the terms of the Steeles' loan. (*See generally* TRO Mot.) The Steeles show neither a "defense[] to the default" nor any "non-technical flaws in the foreclosure process" that would require the court to enjoin the trustee's sale. *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1122 (W.D. Wash. 2010) (quoting 27 Marjorie Dick Rombauer, Washington Practice: Creditors' Remedies—Debtors' Relief § 3.62 (2008)). Further, "a court must 'require as a condition of granting the restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being

---

[2] Although the court need not reach this basis for relief here, a preliminary injunction is also "appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff also demonstrates that irreparable harm is likely and that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

foreclosed.'" *Andrews v. Countrywide Bank, NA*, 95 F. Supp. 3d 1298, 1300 (W.D. Wash. 2015) (quoting RCW 61.24.130(1)). The Steeles fail to show that "they have deposited or are capable of depositing with the clerk of the court the sums required under RCW 61.23.130(1)." *See id.* at 1302. Accordingly, the court concludes that the Steeles fail to demonstrate that they are likely to succeed on the merits, and on this basis the court denies their motion for a TRO.

In addition, the Steeles must "demonstrate that [irreparable] injury is *likely* in the absence of an injunction." *Id.* at 22 (italics in original). The Steeles provide no evidence to support their contention that Defendant Banks will be unable to process their mortgage assistance application prior to the June 15, 2018, scheduled trustee's sale. (*See* TRO Mot. at 2.) The only evidence before the court is that the Steeles' application is pending and Defendant Banks' have reviewed the Steeles' initial submissions and requested more information. (*See* TRO Mot. Ex. 1; Talevich Decl. ¶ 8.) In addition, the Steeles provide no evidence that they qualify for or are otherwise entitled to any relief based on their mortgage assistance application. Under these circumstances, the Steeles fail to demonstrate a likelihood of irreparable injury in the absence of a TRO, and the court independently denies their motion on this ground as well. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) ("Because Plaintiffs have failed to show that they are likely to suffer irreparable harm in the absence of preliminary relief, . . . we

//

//

//

need not address the district court's analysis of the remaining elements of the preliminary injunction standard.").[3]

### IV. CONCLUSION

Because the Steeles fail to demonstrate either that they are likely to succeed on the merits or that they will likely suffer irreparable harm in the absence of a TRO, the court DENIES the Steeles' motion for a TRO (Dkt. # 17).

Dated this 10th day of May, 2018.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[3] Given that the Steeles fail to meet the first two requirements for injunctive relief, the court need not reach the remaining elements. *See Hooper v. City of Seattle*, No. C17-0077RSM, 2017 WL 591112, at *8 (W.D. Wash. Feb. 14, 2017).