UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN D. STEELE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A., et al.,<br><br>Defendants. | CASE NO. C18-0230JLR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, N.A., as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-7 ("HSBC")[1] (collectively, "Moving Defendants") move to dismiss Plaintiffs Kevin D. Steele and Stephanie A. Steele's (collectively, "the Steeles") complaint under Federal Rule of Civil Procedure 12(b)(6). (*See* MTD (Dkt. # 13); *see*

---

[1] HSBC is incorrectly named in the complaint as "HSBC Bank." (*See* Compl. (Dkt. # 1-1) ¶ 3; Mot. at 1 n.2.)

ORDER - 1

1 *also* Compl.); Fed. R. Civ. P. 12(b)(6).  The Steeles oppose the motion.  (*See* Resp. (Dkt.

2 # 16).)  The court has reviewed the motion, the relevant portions of the record, and the

3 applicable law.  Being fully advised,[2] the court GRANTS the motion and DISMISSES

4 the Steeles' complaint with leave to amend within 14 days.

## II.   BACKGROUND

The Steeles purchased a residence located at 20705 S.E. 24th Street, Sammamish, Washington 98075 ("the Property").  (Compl. at 2.)  On February 16, 2007, Mr. Steele executed an Initial Interest Note ("Note") in the original amount of $999,000.00 in favor of Wells Fargo.  (MTD, Ex. A (attaching a copy of the Note).)[3]  The Note is secured by a Deed of Trust on the Property in favor of Wells Fargo.  (*Id.*, Ex. B (attaching copy of the Deed of Trust).)[4]  The Deed of Trust is recorded in the records of

//

---

[2] No party requests oral argument (*see* MTD at 1; Resp. at 1), and the court does not consider oral argument to be helpful to its disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] Ordinarily, on a Rule 12(b)(6) motion to dismiss, the court may only consider allegations contained in the pleadings, exhibits attached to the complaint, and matters that are properly the subject of judicial notice.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citing *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)).  "However, in order to '[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Id.* (alterations in original) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)).  Here, the Steeles rely upon the Note (*see* Compl. at 2), and its authenticity is not questioned (*see generally* Resp.).  Thus, the court considers the Note in deciding Moving Defendants' motion to dismiss.

[4] Ms. Steele is listed as a "non-borrower" on the final page of the Deed of Trust (MTD, Ex. B at 19) and is not a signatory to the Note (*see id.*, Ex. A at 4).

//

King County, Washington, under Recorder's Number 20070228001463.[5] (*See id.*)
HSBC, as Trustee, is the current beneficiary of the Deed of Trust. (*Id.*, Exs. C-E.)

Mr. Steele failed to timely make all payments due on the Note since at least 2011 when Defendant Quality Loan Service Corporation of Washington ("QLSCW") first filed a Notice of Trustee's Sale with the King County Recorder's Office.[6] (*Id.*, Ex. C (attaching Notice of Trustee's Sale); *see also* Compl. at 2 ("Plaintiffs began experiencing financial hardship leading to a default in Mortgage payments . . . .").) In connection with a potential foreclosure, Wells Fargo sent Mr. Steele a letter dated June 3, 2014, notifying his of certain pre-foreclosure options pursuant to RCW 61.24.031. (*Id.*, Ex. D (attaching June 3, 2014, letter).)[7] The June 3, 2014, letter informs Mr. Steele that he may request a

---

[5] The court may take judicial notice of matters of public record and consider them without converting a Rule 12(b)(6) motion to one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Courts routinely take judicial notice of deeds of trust in considering motions to dismiss. *See, e.g.*, *Haag v. PNC Bank NA*, No. C13-1746JLR, 2014 WL 1725801, at *1 n.1 (W.D. Wash. Apr. 30, 2014) (taking judicial notice of the deed of trust and other documents); *Petheram v. Wells Fargo Bank*, No. C13–1016JLR, 2013 WL 4761049, at *1 n.1 (W.D. Wash. Sept. 3, 2013) (taking judicial notice of a deed of trust, assignments of the deed of trust, and notices of trustee sales even though they were not attached to the complaint). Thus, the court takes judicial notice of the Steeles' deed of trust and considers it here.

[6] The court takes judicial notice of the Notice of Trustee's Sale and considers it here. *See, e.g.*, *Gruendl v. Wells Fargo Bank NA*, No. C11-0447RSL, 2011 WL 1885386, at *1 (W.D. Wash. May 18, 2011) ("The Court also considered the . . . notice of trustee's sale . . . because [it had] been recorded in the Whatcom County Auditor's office.") (citing *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (explaining that a court may take judicial notice of publicly recorded documents without turning a motion to dismiss into a motion for summary judgment)).

[7] Nowhere in his response does Mr. Steele object to Wells Fargo's reliance on the June 3, 2014, letter. (*See generally* Resp.) RCW 61.24.031 is the Steeles' only citation to authority in support of their claim for "Modification" of the Note. (*See* Compl. at 3 ("The trustee sale is in violation of RCW 61.24.031.").) RCW 61.24.031 sets forth the requirements for a pre-foreclosure letter to the borrower, such as Wells Fargo's June 3, 2014, letter. (*See id.*) The

meeting with Wells Fargo "to assess [his] financial ability to modify or restructure the loan obligation or consider other alternatives to foreclosure." (*Id.* at 3.) The letter listed "possible outcomes of the meeting," including "a temporary or permanent loan modification" and "an agreement to conduct a short sale." (*Id.*)

As of the most recent Notice of Trustee's Sale, which was filed in 2017, Mr. Steele's arrearage on the Note reached $430,658.41. (*Id.* Ex. E.) On October 12, 2017, QLSCW recorded a Notice of Trustee's Sale, which scheduled a foreclosure sale for the Property on February 16, 2018. (*Id.*) On January 30, 2018, the Steeles filed this lawsuit seeking to enjoin the trustee's sale. (*See* Compl.) Moving Defendants assert that QLSCW did not perform a foreclosure sale on February 16, 2018. (*See* MTD at 3.)

The Steeles allege that Wells Fargo indicated a willingness to consider a review of their financial circumstances to determine their eligibility for a short-sale of the Property. (Compl. at 3.) The Steeles also allege that they have "attempt[ed] to modify" their Note with Wells Fargo. (*Id.* at 4.) The Steeles do not claim that they qualify for a short sale of the Property or for a modification of the Note. (*See generally id.*) But the Steeles generally allege claims for (1) "Short Sale," (2) "Mortgage Modification," (3) "Preliminary Injunction," and (4) a violation of Washington's Consumer Protection Act ("CPA"), RCW ch. 19.86. (*Id.* at 3-4.) Moving Defendants seek to dismiss each claim. (*See generally* MTD.) The court now considers Moving Defendants' motion.

//

---

court considers Wells Fargo's June 3, 2014, letter to Mr. Steele without converting the motion to dismiss into a motion for summary judgment because the letter is integral to the Steeles' claim and its authenticity is not subject to dispute. *See Swartz*, 476 F.3d at 763.

# III. ANALYSIS

**A.     Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Id*. Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Rule 12(b)(6). *Id*.

//

**B.     Claims for a "Short Sale," Note "Modification," and an Injunction[8]**

Mr. Steele argues that the court should enjoin the Property's sale in foreclosure on "equitable grounds" to provide Wells Fargo with sufficient time to determine whether the Note is subject to modification or whether Wells Fargo will agree to a short sale.[9] (Compl. at 3.) Wells Fargo argues that the Steeles fail to identify any legal, equitable, statutory, or common law grounds that would justify restraining the trustee's sale. (MTD at 5; *see also generally* Resp.) In its June 3, 2014, letter to Mr. Steele, Wells Fargo identified a loan modification agreement or an agreement to accept a short sale of the Property as "possible outcomes" of a meeting between Mr. Steele and Wells Fargo. (Mot. Ex. D at 3.) However, Wells Fargo did not promise either one of these outcomes. (*See id.*) Moreover, Wells Fargo was under no legal obligation to agree to either possibility. *See Bhatti v. Guild Mortg. Co.*, No. C11-0480JLR, 2011 WL 6300229, at *10 (W.D. Wash. Dec. 16, 2011) (denying motion to amend complaint to state a claim for wrongful foreclosure because the defendant "was under no legal obligation to approve a short sale on Plaintiff's property or to approve a loan modification prior to the institution of foreclosure proceedings"); *see also Vu Nguyen v. Aurora Loan Servs., LLC*, 614 F. App'x 881, 884 (9th Cir. 2015) (ruling that the district court did not err in dismissing the

---

[8] "It is well settled that a claim for 'injunctive relief' standing alone is not a cause of action." *Kwai Ling Chan v. Chase Home Loans Inc.,* No. C12-0273JLR, 2012 WL 1252649, at *3 (W.D. Wash. Apr. 13, 2012). Therefore, the court assumes that the Steeles' request for an "injunction" or a "preliminary injunction" is intended as a remedy for their claims based on a "short sale" or "mortgage modification." (*See* Compl. at 3-4.)

[9] On May 10, 2018, the court denied the Steeles' motion for a temporary restraining order to halt the June 15, 2018, trustee sale on their property. (Order Denying TRO (Dkt. # 24).)

plaintiff's breach of contract and promissory estoppel claims because the plaintiff "fail[ed] to plead facts demonstrating a clear and unambiguous promise by [the defendant] to offer [the plaintiff] a loan modification that would prevent foreclosure").

The Steeles' reliance on RCW 61.24.031 is also unavailing. (*See* Compl. at 3.) Under RCW 61.24.031, the beneficiary of the deed of trust "must first attempt to communicate with the borrower who is in default through a series of statutorily prescribed methods." *Brown v. Wash. State Dep't of Commerce*, 359 P.3d 771, 774 (Wash. 2015) (citing RCW 61.24.031). "The beneficiary must send a letter to the borrower containing certain information, including that the borrower should contact a housing counselor to discuss mediation . . . ." *Id.* (citing RCW 61.24.031(1)(c)). "If the borrower responds . . . , the notice of default cannot issue for at least 90 days." *Id*. (citing RCW 61.24.031(1)(a)). The statute provides that during this 90-day period, the parties "shall attempt to reach a resolution," such as a loan modification. RCW 61.24.031(1)(f)(4). Nevertheless, "[a]fter the relevant time period elapses and if the parties have not agreed to modify the loan, the trustee or beneficiary may then issue the notice of default." *Brown*, 359 P.3d at 774 (citing RCW 61.24.031(a)(1)). Here, Wells Fargo sent the statutorily required letter on June 3, 2014. (*See* MTD, Ex. D.) Although the parties "shall attempt" to resolve the issue short of a foreclosure, there is no obligation to do so. *See* RCW 61.24.031(1)(f)(4). Further, after 90 days, the beneficiary may issue a notice of default. *See* RCW 61.24.031(1)(a). Based on the allegations in their complaint

//

and the documents on which the court relies in deciding this motion,[10] the Steeles have failed to state a claim under this statutory provision.[11]

Finally, in order to obtain an injunction of a trustee's sale in Washington, a plaintiff must deposit with the clerk of court "the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." *See* RCW 61.24.130(1); *see also Andrews v. Countrywide Bank, NA,* 95 F. Supp. 3d 1298, 1300 (W.D. Wash. 2015). The Steeles fail to allege that "they have deposited or are capable of depositing with the clerk of the court the sums required under RCW 61.23.130(1)." *See Andrews*, 95 F. Supp. 3d at 1302.

For all of the foregoing reasons, the court concludes that the Steeles fail to state a claim to enjoin the non-judicial foreclosure of the Property on "equitable grounds" related either to a possible modification of the Note or a short sale of the property.

**C.  CPA Claim**

The Steeles allege that "Wells Fargo has engaged in unfair and deceptive acts and practices by failing to respond in good faith to plaintiff's requests for mortgage modification and/or short sale and by precipitously moving for foreclosure without complying with the requirements of RCW 61.24.031." (Compl. at 5.) To state a claim

---

[10] *See supra* Notes 3, 5-7.

[11] In any event, the Steeles can only recover for Moving Defendants' alleged violations of RCW 61.24.031 "via the CPA." *Knecht v. Fid. Nat. Title Ins. Co.*, No. C12-1575RAJ, 2015 WL 3618358, at *10 (W.D. Wash. June 9, 2015) (citing *Frias v. Asset Foreclosure Servs., Inc.*, 334 P.3d 529, 539 (Wash. 2014) (holding that the Deed of Trust Act does not provide for a standalone cause of action for violations of the Act in the absence of a completed foreclosure sale)). As discussed below, the court also concludes that the Steeles fail to adequately allege their CPA claim. *See infra* § III.C.

under the CPA, a plaintiff must allege: "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Washington's Foreclosure Fairness Act ("FFA") states, in relevant part, that "[i]t is an unfair or deceptive act in trade or commerce and an unfair method of competition in violation of the [CPA] . . . for any person or entity to: (a) [v]iolate the duty of good faith under RCW 61.24.163; . . . or (c) fail to initiate contact with a borrower and exercise due diligence as required under RCW 61.24.031." RCW 61.24.135(2)(a), (c).

The Steeles allege two grounds for their CPA claim. First, they assert that Wells Fargo violated the CPA by "precipitously moving for foreclosure without complying with the requirements of RCW 61.24.031." (Compl. at 5.) As discussed above, the Steeles fail to adequately allege that Wells Fargo violated RCW 61.24.031. *See supra* § III.B. Because the Steeles fail to allege a violation of RCW 61.24.031, they also fail to state a CPA claim based on violation of that same statute.

Second, the Steeles allege that Wells Fargo violated the CPA "by failing to respond in good faith to [their] requests for mortgage modification and/or short sale." (Compl. at 5.) The Steeles cite no authority for the proposition that Wells Fargo has any duty to respond to such requests—let alone a duty to respond in "good faith"—and the court could find none. (*See generally* Resp.) The Steeles also cite no authority for the proposition that a failure to respond to a request for a mortgage modification or approval

//

1 | of a short sale is an "unfair or deceptive practice," and again the court could find none.

2 | (*See id.*)

3 | Nevertheless, Washington State has established a foreclosure mediation program,

4 | and the State requires participants to mediate in good faith. *See* RCW 61.24.163(1),

5 | (10).[12] As noted above, a violation of the foreclosure mediation program's duty of good

6 | faith is an unfair or deceptive act in trade or commerce and an unfair method of

7 | competition in violation of the CPA. RCW 61.24.135(a). The Steeles, however, never

8 | allege that they are or ever were participants in this program. (*See generally* Compl.)

9 | Indeed, the foreclosure mediation program "applies only to borrowers who have been

10 | referred to mediation by a housing counselor or attorney." *See* RCW 61.24.163(1).

11 | In sum, the Steeles fail to adequately allege a CPA claim based on Wells Fargo's

12 | alleged failure to respond to the Steeles' requests for a mortgage modification or short

13 | sale of the Property. Accordingly, the court dismisses this claim.

**D. QLSCW**

QLSCW did not join Moving Defendants' motion to dismiss. (*See* MTD at 1.) Nevertheless, the trial court may *sua sponte* dismiss claims for failure to state a claim without notice or an opportunity to respond where "the plaintiffs cannot possibly win relief." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). For the same reasons as stated above, the court also dismisses the Steeles' claims against QLSCW. *See*

---

[12] The court cites to the version of this statute in effect from June 12, 2014, to June 6, 2018. However, the court's analysis is not altered when applying the language of the current version of RCW 61.24.163.

*Edwards v. Caliber Home Loans*, No. C16-1466-JCC, 2017 WL 2713689, at *3 (W.D. Wash. June 7, 2017), *aff'd sub nom. Edwards v. Caliber Home Loans, Inc.*, 708 F. App'x 438 (9th Cir. 2018) (dismissing claims against the defendant trustee in a wrongful foreclosure action despite defendant trustee's failure to join in the other defendants' motion to dismiss).

**E.     Leave to Amend**

As a general rule, when a court grants a motion to dismiss, the court should dismiss the complaint with leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). The policy favoring amendment is to be applied with "extreme liberality." *Id.* at 1051; *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). In determining whether dismissal without leave to amend is appropriate, courts consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and the futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052. Here, Moving Defendants have not argued that leave to amend will cause any undue prejudice (*see generally* Mot.; Reply (Dkt. # 23)), and the court does not discern the presence of any other *Foman* factor. Because the Steeles might be able to allege facts

that could cure the deficiencies noted above, the court grants the Steeles leave to amend their complaint.

The Steeles must file their amended complaint within 14 days of the filing date of this order. If the Steeles fail to timely file their amended complaint or fail to cure the pleading deficiencies described in this order, the court will dismiss their complaint with prejudice and without leave to amend.

### IV.   CONCLUSION

Based on the foregoing analysis, the court GRANTS Moving Defendants' motion (Dkt. # 13) and DISMISSES the complaint in its entirety against all Defendants. The court GRANTS the Steeles leave to amend their complaint within 14 days of the filing date of this order.

Dated this 26th day of June, 2018.

JAMES L. ROBART
United States District Judge